## STATE ex FULTON v FRALEY

Ohio Appeals, 7th Dist, Monroe Co

No 275.   Decided Nov 22, 1933

Walter B. Moore. Lisbon, Special Counsel for plaintiff in error.

Matz & Matz, Woodsfield, and F. W. Ketterer, Woodsfield, for defendant in error.

## OPINION

By POLLOCK, J.

An officer of a bank cannot bind a bank. Banks and Banking, Vol. 4, §116, Chapter 8, page 262:

"An officer of a bank cannot bind a bank by an agreement adverse to its interests made with another party, when such party and officer are at the time such agreement is made engaged in serving their own interests or the interests of another corporation in which they are jointly interested, and where the sole purpose of the agreement is to benefit themselves or the corporation or company in which they are interested. Nor can he bind the bank by his representations or acts in relation to a transaction in which he is acting for his own self, to the knowledge of the other party, without ratification by the bank."

This and other citations under this section, that we will not take the time now to refer to, we think fully determines the proposition that Mr. Mooney could not bind the bank by anything that he said to Mr. Fraley about his relieving Mr. Fraley from his obligation on this note, which Fraley admits that he signed, when it was used to borrow money from the bank. Mr. Fraley knew from this transaction, and what Mr. Mooney said, that this note was to be placed in the bank and that the amount stated therein, was to be used in paying the sheriff for the amount that Mr. Fraley had bid at the partition sale. We note from Mr. Fraley's examination that he did not admit, and perhaps was not asked the direct question "whether he knew what Mr. Mooney intended to use this note for", but Mr. Fraley knew that he had bid $4270.00 the amount of this note, for the property and that it was struck off to him and the sale confirmed. So that he must have known the use to which this note was to be placed. If he did, he was obligated to the Bank

until the bank is fully reimbursed for the amount of the funds which it paid out by reason of this note. But even if Mr. Fraley did not receive any consideration for the signing of this note, if he signed it to accommodate Mr. Mooney, and Mr. Mooney used it for the purpose of getting $4270.00 out of this bank, he did it for the accommodation of Mr. Mooney, and he is still liable regardless whether he received any personal consideration or not.

Sec 8134 GC reads as follows:
"Liability of accommodation party. An accommodation party is one who signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding the holder at the time of taking it knew him to be only an accommodation party."

An answer to a suit on a promissory note, that the defendant did not receive any consideration therefor, is not sufficient. If to the payee in the note there was detriment or loss, by reason of the payor signing the note, he is liable for that detriment or loss, notwithstanding he had not received personally any consideration therefor.

In the case of **Dalrymple, Admr. v Wyker, Admr., found in 60 Oh St 108,** the 1st and 2nd syllabus of the case is as follows:

"Promissory note—Question of consideration—Legal Presumption—Burden of proof.
1. An answer to a suit on a promissory note, averring that there was no consideration for it, moving to the promisor, is not sufficient as a defense, as it does not preclude the possible fact that there was detriment or loss to the promisee, which constitutes a consideration for a promise as well as a benefit to the promisor.
2. Where the issue is as to whether there was a consideration for a promissory note, and the evidence offered simply shows that there was no benefit to the promisor, and does not exclude the possibility that there was detriment or loss to the promisee, it is insufficient to support the issue."

We think that the defendant, Fraley, is liable for the note, that is for the amount due on the note, which he admits he signed and gave to Mr. Mooney.

It will be noticed that we have not referred to the errors claimed in the introduction of evidence.

This is due to the fact, that we think

that there was not much of the evidence competent. This case was tried as though the action was between Fraley and Mooney.

Judgment is reversed and the case remanded for such other and further proceedings, according to law.

FARR and ROBERTS, JJ, concur.